# C. HEBRARD v. THE JEFFERSON GOLD AND SILVER MINING COMPANY.

EVIDENCE IN EJECTMENT.—If the plaintiff and defendant are tenants in common in a mine, and the plaintiff brings ejectment to recover an undivided interest, and avers that defendant has entered into possession of said undivided interest, it is requisite for the plaintiff to prove not only his title, but a demand to be let into possession, and a refusal of the demand; or more generally, to prove an ouster.

WHEN ERROR NOT PREJUDICIAL.—If the plaintiff fails to make out a *prima facie* case in his proofs, the judgment will not be reversed on account of errors of the Court in ruling out testimony which would not have tended to make such case, nor for erroneous instructions to the jury.

IDEM.—A party who fails to make out a case to the jury is not injured by error, if the error does not prevent him from making out such case.

APPEAL from the District Court, Tenth Judicial District, Yuba County.

The complaint averred that the defendant was a corporation, and that the plaintiff, on the first day of January, 1862, became the owner of one sixth undivided interest of a quartz ledge at Brown's Valley, and had continued to own it since; and that on the 17th day of November, 1863, the defendant entered into possession, and had since withheld possession from the plaintiff.

Plaintiff did not offer any evidence tending to show a demand to be let into possession.  After the plaintiff rested, defendant introduced in evidence a deed from plaintiff to one Frazier, and also offered evidence to show that defendant had succeeded to Frazier's right.  Plaintiff offered to show that the deed was made when he was a minor, and that he had disaffirmed the conveyance immediately after he became of age.  The Court, on defendant's objection, excluded the evidence.  The Court instructed the jury to find a verdict for the defendant.  The verdict and judgment were for the defendant, and the plaintiff appealed both from the judgment and from an order denying a new trial.

The other facts are stated in the opinion of the Court.

*F. J. McCann*, and *J. O. Goodwin*, for Appellant, argued the questions of the exclusion of the evidence to prove the infancy of plaintiff when the deed was made, and of his avoidance thereof, and of the instructions of the Court to the jury.

*G. N. Swezy*, and *Chas. E. Filkins*, for Respondent, argued that there having been no proof of an ouster, the verdict would have been the same if defendant's evidence had been admitted, and that the plaintiff sustained no injury, therefore, by the instruction of the Court.

By the Court, SHAFTER, J. :

Ejectment to recover the possession of one undivided sixth part of certain mining property situated in the County of Yuba. The plaintiff claims to be the owner of the fractional interest named, and though it is not alleged in so many words that the remaining five sixths belong to the defendant, yet it was the obvious intention of the pleader to present the parties as standing to each other in the relation of tenants in common. For it is charged that the plaintiff, on a certain day, " demanded of the defendant the possession of his said interest;" and demanded, also, " a *participation* in the profits and proceeds of the working of said ground, to wit; the one sixth part thereof;" and that the defendant " refused to comply with the demand." It certainly is not usual for a plaintiff in ejectment against a stranger to the title, to make a demand of possession as a prerequisite to the action; nor to content himself with claiming a " participation " in proceeds and profits.

The title of the plaintiff, the demand and refusal, or, more generally stated, the ouster alleged, were all denied by the answer.

It appears that the plaintiff introduced evidence tending to prove his title, merely, and rested. The defendant thereupon introduced evidence tending to prove that he was the

owner of the mine in severalty, and rested. The Court directed the jury to return a verdict for the defendant.

The questions raised in argument are upon the validity of the foregoing instruction, and the correctness of certain rulings of the Court excluding evidence offered by the plaintiff tending to disprove the defendant's title.

As to the instruction, it was manifestly correct, for the plaintiff had not made out a *prima facie* case under the issue joined when he rested. As the plaintiff was not entitled to a verdict on the proofs submitted by him, the exclusion of the evidence rejected by the Court could not have injuriously affected any substantial right of the appellant. The evidence so excluded had no tendency to prove the averment of ouster. For this reason we do not consider the questions discussed by the learned counsel for the appellants as fairly arising on the record. (*Enright* v. *San Francisco and San José Railroad Company, ante* 230.)

Judgment affirmed.

Neither Mr. Justice SAWYER nor Mr. Justice RHODES expressed any opinion.